IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JASMIN MCAFEE                                                                    PLAINTIFF


    v.                              CIVIL NO. 5:18-CV-5191


ANDREW M. SAUL, [1] Commissioner,
Social Security Administration                                                   DEFENDANT



**MEMORANDUM OPINION**

Plaintiff, Jasmin McAfee, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for child disability insurance benefits (CDIB) and

supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the

Social Security Act (Act).  In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.

See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for CDIB and SSI on May 20,

2016, and March 17, 2016, respectively, alleging an inability to work since September 12,

2014, due to the following conditions: attention deficit hyperactivity disorder, attention

deficit disorder, borderline personality disorder, learning disability, anxiety, depression, back

pain, neck pain, abdominal pain, carpal tunnel syndrome on the right hand, Hepatitis C,

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant,
pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

severe pelvic pain, and limited mobility.  (Tr. 92, 108, 126, 148).  An administrative hearing was held on September 19, 2017, at which Plaintiff appeared with counsel and testified. (Tr. 46-59).  Monte Lumpkin, vocational expert, also appeared and testified.  (Tr. 59-62).

By written decision dated December 20, 2017, the ALJ found Plaintiff had not attained the age of 22 as of the alleged onset date. (Tr. 13).  The ALJ also found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Tr. 13).  The ALJ found Plaintiff had the following severe impairments: lumbago, Hepatitis C, obesity, depression, and anxiety.  (Tr. 13).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 13-15).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) and that Plaintiff was limited to jobs involving simple tasks, simple instructions, and incidental contact with the public.  (Tr. 15-20).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a power-screwdriver operator, a can filling and closing machine tender, a compression molding machine tender, and an injection molding machine tender.  (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 31, 2018. (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6).  Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 7th day of February, 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE